UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ONG VUE, | ) |
| | ) |
|       Petitioner, | ) |
| | ) |
| v. | )   Case No. 22-CV-0125-CVE-JFJ |
| | ) |
| JANET DOWLING, | ) |
| | ) |
|       Respondent. | ) |

## OPINION AND ORDER

Petitioner Ong Vue, an Oklahoma prisoner appearing pro se,[1] petitions for a writ of habeas corpus, under 28 U.S.C. § 2241. He claims the Oklahoma Department of Corrections ("ODOC") is executing his "sentence in a purely arbitrary fashion and without equal protection of the State law thereby subjecting him to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution." Dkt. # 1, at 2. Respondent Janet Dowling moves to dismiss the petition for several reasons. Having considered Vue's petition (Dkt. # 1), Dowling's motion to dismiss and brief in support (Dkt. # 13), Vue's response in opposition to the motion to dismiss (Dkt. # 14), and applicable law, the Court grants Dowling's motion and dismisses the petition.

---

[1] Because Vue appears without counsel, the Court liberally construes his petition and other papers. Johnson v. Reyna, 57 F.4th 769, 775 (10th Cir. 2023). But the Court does not assume the role of an advocate by making arguments for Vue. Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005). In addition, the Court accepts as true all well-pleaded factual allegations in the petition and views the facts in Vue's favor because he is the non-moving party. Johnson, 57 F.4th at 774. But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

**I.      Background**[2]

In 1997, the State of Oklahoma ("the state") charged Vue, in Cleveland County District Court Case No. CF-1997-628, with first-degree murder (count one) and two counts of shooting with intent to kill (counts two and three). Dkt. # 1, at 11-12. The state later filed a bill of particulars, seeking the death penalty. Id. at 29; Dkt. # 13-2, at 6. In 1998, on the first or second day of his jury trial, Vue pleaded no contest to all three charges. Dkt. # 1, at 1; Dkt. # 13-2, at 12. The trial court imposed a life sentence (count one) and two twenty-year prison sentences (counts two and three) and ordered the twenty-year sentences to be served concurrently with each other and consecutive to the life sentence. Dkt. # 13-2, at 13. On Vue's motion, the trial court later modified Vue's sentence by ordering all sentences to be served concurrently. Id. at 14; Dkt. # 13-11, at 11-14. In 1998, when Vue was remanded to the custody of the ODOC, Oklahoma law provided:

> A. Upon the arrest, conviction and sentencing of any defendant to the custody of the Department of Corrections, the district attorney of the county in which the crime was committed shall prepare a written narrative report describing the commission of the offense and any factors which might enhance or diminish the gravity of the offender's conduct.
>
> B. The report shall be provided to the Department of Corrections and the Pardon and Parole Board, together with the judgment and sentence in the case and any victim impact statements presented to the court in the case.
>
> C. The form to be used for this report shall be developed and distributed by the District Attorneys Council.
>
> D. The provisions of this section shall not apply to offenders sentenced to terms of incarceration of two (2) years or less.
>
> E. No allegations or recitations of alleged facts contained in any narrative submitted pursuant to the requirements of this section shall give rise to any cause of action by

---

[2] The facts in the background section are drawn from the petition and exhibits attached thereto, from public records, and, to the extent the facts are undisputed, from exhibits attached to the motion to dismiss.

> the defendant against the submitting agency unless the defendant shall first object to such allegation or recitation in writing, with notice to the submitting agency. The submitting agency shall be given thirty (30) days following such notice to withdraw or amend any such allegation or recitation objected to. Nothing contained herein shall be construed as creating a cause of action.

OKLA. STAT. tit. 19, § 215.39 (1998); see also Dkt. # 1, at 13 (citing 2021 version of law that contains minor change in subsection D that is not relevant to Vue's claims). Current ODOC policies related to initial custody assessments and subsequent review of the "inmate's custody status/security level and placement" provide that "[i]f the [custody assessment] score undervalues the actual severity of the crime, an override may be necessary. Staff must document the aggravating characteristics of the crime being used for the override decision. Acceptable examples of documentation that explain the aggravating characteristics are the District Attorney's Narrative or Information Sheet." Dkt. # 13-15, at 2; Dkt. # 13-16, at 2.

Vue has been incarcerated at the Dick Conner Correctional Center ("DCCC") since 2000, and Dowling is the DCCC's warden. Dkt. # 13, at 1; Dkt. # 13-3, at 1. Vue discharged both of his twenty-year sentences in 2007 and presently is serving only a life sentence. Id. In Oklahoma, when a prisoner is serving a life sentence, that means the prisoner shall remain incarcerated for the remainder of the prisoner's natural life unless the prisoner is granted parole. Jackson v. McCollum, 708 F. App'x 965, 965-66 (10th Cir. 2018).[3] And "Oklahoma's parole system is entirely discretionary." Id. at 966. In March 2018 and March 2021, the Oklahoma Pardon and Parole Board ("OPBB") denied parole for Vue. Dkt. # 13-1, at 1. Vue is scheduled to be considered for parole in March 2024. Id.

---

[3] The Court cites this unpublished decision, and other unpublished decisions herein, as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

3

For several years, Vue pursued administrative and judicial remedies in his quest to obtain a copy of the district attorney's narrative report relevant to his criminal case ("narrative report"). The Court first discusses Vue's efforts to obtain administrative relief, then discusses his attempts to obtain relief in state court.

### A.     Vue's efforts to obtain administrative relief

On March 8, 2021, Vue submitted a request to staff ("RTS") to the records department and/or case manager citing OKLA. STAT. tit. 19, § 215.39, requesting a copy of the narrative report, and referencing a March parole hearing. Dkt. # 1, at 9. On April 20, 2021, a staff member from the records department responded to the RTS by stating that "[i]nmate files are kept on unit where this information (if obtained) is kept." Id. The response directed Vue to either submit his request to his case manager or submit a request through the mail to the clerk court of the appropriate county. Id.

Six days after he received this response, Vue submitted a RTS to case manager Moutray, asking for a copy of the narrative report from his prison file or, in the alternative, asking for Moutray to request a copy of the report from the court clerk. Dkt. # 1, at 10. On May 17, 2021, Moutray responded to the RTS by stating that the narrative report was enclosed with the response. Id. According to Vue, Moutray instead enclosed a copy of the felony information that was filed against him. Dkt. # 1, at 4, 11-12. That same day, Moutray called the Cleveland County District Attorney's office to request a copy of the narrative report. Id. at 4. On May 21, 2021, Moutray received a narrative report from Assistant District Attorney SuAnne Carlson, and Moutray gave the report to Vue. Id. at 4, 14-15. Vue immediately informed Moutray that the narrative report contained "inaccuracies," specifically, Vue pointed out that the report had been created on May 21, 2021. Id. at 4. On May 28, 2021, Vue filed another RTS, requesting "an accurate and timely

4

[r]eport." Dkt. # 1, at 4. In response, Moutray told Vue she would no longer be working for the ODOC and that he would need to submit his request to the records department. Id. Vue submitted an RTS to "Guess, Records," on July 1, 2021, alleging that he had not received a response to the May 28, 2021, RTS and asking for "an accurate DA Narrative Report because the May 21, 2021, report provided contains UNTRUE and INACCURATE information." Id. at 16-17.

On July 7, 2021, Vue submitted a RTS to the case manager requesting an audit of his prison file and alleging that his previous case manager "used DA Narrative to complete [his] records," when the narrative report "did not exist until May 21, 2021." Dkt. # 1, at 18. The next day, a staff member responded to the RTS by stating that "[r]ecords [o]fficers audit the field files." Id. Vue submitted a RTS to "Records Audit Person" on July 12, 2021. Id. at 19. In that RTS, Vue alleged that the narrative report that he received "is inaccurate because [he] was sentenced in '1998'" and the report was created in 2021. Id. Vue again requested an audit of his prison file and, in support of that request, alleged that "the previous case managers cited the use of [his] 'Narrative Report' to classify and assess [him]" but the report "could not be produced until 2021" and, under state law, his prison file should have included a 1998 report. Id. at 19-20.

On August 23, 2021, Vue submitted two grievances, complaining that he had not received responses to the RTSs he submitted to "Guess, Records," and "Records Audit Person." Dkt. # 1, at 21-22. On September 20, 2021, Vue received a grievance decision from Dowling, in Grievance No. DCCC 21-026, responding to both grievances, stating that Dowling would ask records to answer the RTSs, and noting that Dowling had combined the RTSs for one answer. Id. at 23.

On October 22, 2021, Vue submitted a grievance to Dowling alleging Vue had not received a response even after Dowling granted relief as to Grievance No. DCCC 21-026 and asking Dowling to provide a date certain that he would receive a response. Dkt. # 1, at 24. On November

5

8, 2021, Vue received a grievance decision from Dowling, in Grievance No. DCCC 21-039, stating that Dowling had "requested that a Sentence Administration Auditor respond" to Vue's requests. Dkt. # 1, at 25. On that same date, Vue submitted a grievance appeal to the Administrative Review Authority ("ARA") regarding Grievance No. DCCC 21-039. Id. at 26. Vue alleged Dowling committed probable error by not providing a date certain for the Sentence Administration Auditor to respond. Id. at 26-27. The ARA affirmed the grievance decision on November 19, 2021, stating:

> In your grievance appeal, you did check number two but did not substantiate your appeal nor did you substantiate your appeal with any authority for an error. As such, there has been nothing offered to the Director which indicates the reviewing authority's response is not proper. Therefore, the reviewing authority's response is affirmed. The inmate/offender will have satisfied the exhaustion of administrative remedies required by 57 O.S. § 564. However, the grievance procedure does not satisfy additional requirements for exhaustion of administrative remedies required by the Governmental Tort Claims Act, 51 O.S. § 151 et seq.

Dkt. # 1, at 28. Vue received the ARA's decision on November 22, 2021. Id.

  **B.**  **Vue's efforts to obtain judicial relief**

In February 2018, over two years before he began asking ODOC for a copy of the narrative report from his prison file, Vue filed a "motion to produce document, in the alternative amend document with brief in support" in Cleveland County District Court Case No. CF-1997-628, asking the state district court to compel the district attorney to provide Vue a copy of the narrative report. Dkt. # 14, at 2; Dkt. # 13-2, at 19; See Motion (Feb. 13, 2018), State v. Vue, No. CF-1997-628, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101, last visited Feb. 24, 2023. On May 1, 2018, after receiving a response from the state, the state district court denied the motion. Dkt. # 13-2, at 19; Dkt. # 14, at 2.

On June 4, 2021, Vue filed a "Motion for Equal Protection of Laws and Freedom from Cruel and Unusual Punishment" in Cleveland County District Court Case No. CF-1997-628. Dkt. # 13-11, at 2-5. As relevant to this proceeding, Vue alleged in that motion that "in an attempt to

6

have ODOC comply w/ 'accurate records' the DA SuAnne Carlson produced—fabricated—the DA Narrative w/ inaccurate information to both the ODOC and OPPB after Greg Mashburn could not produce the 19 § 215.39 requirement." Dkt. # 13-11, at 2.  Vue further alleged that he had "intentionally" been treated unfairly and "less than human" because he is "not white and a U.S. citizen." Id. at 2-3, 5.  Vue also alleged that the 2021 narrative report included false information, particularly because that report incorrectly stated that Vue had been convicted of second-degree murder following a jury trial.[4] Id. at 3-4.  Vue asserted that inaccuracies in the 2021 narrative report demonstrated "discrimination at the highest level or lack of due care or inadequate training." Id. at 4.  The state district court denied Vue's motion on June 7, 2021, reasoning that Vue "states no factual or legal basis to demonstrate that he is entitled to such relief." Id. at 1.  Vue filed a notice of appeal on June 21, 2021, in Case No. PC-2021-658, and the Oklahoma Court of Criminal Appeals ("OCCA") declined jurisdiction on July 21, 2021, citing Vue's failure to comply with the OCCA's procedural rules.  Dkt. # 13-2, at 24-25; Dkt. # 13-12, at 1-2.

On October 18, 2021, Vue filed an application for postconviction relief and a copy of a notice of objection to narrative report (directed to Carlson) in Cleveland County District Court Case No. CF-1997-628.  Dkt. # 13-2, at 25.  In the application, Vue alleged (1) that he had been deprived of his constitutional rights to equal protection and due process of law because the information in the 2021 narrative report is not consistent with information in his "Court files," and that the district attorney could not "arbitrarily apply or not apply to [Vue] a mandatory law," namely, OKLA. STAT. tit. 19, § 215.39, because he is "not white and a non-citizen," and (2) that his plea was involuntary because he was told by the district attorney and his defense attorney that

---

[4] The state-court docket sheet reflects that Vue was convicted of first-degree murder and further reflects, somewhat inconsistently, that Vue was convicted following a jury trial and that Vue pleaded no contest to first-degree murder.  Dkt. # 13-2, at 2-3, 12.

7

parole in Oklahoma is constitutionally protected but the 2021 narrative report indicates "the state does not recommend an early release." See Application (Oct. 18, 2021), State v. Vue, No. CF-1997-628, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101, last visited Feb. 24, 2023. On May 10, 2022, after receiving a response from the state, the state district court denied the application, reasoning that Vue's "claims are reiterations of the same arguments he raised in his previous post-conviction applications" and are "meritless." See Order (May 10, 2022), State v. Vue, No. CF-1997-628, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101, last visited Feb. 24, 2023. Vue filed a postconviction appeal, in Case No. PC-2022-568, and filed a petition-in-error making the same arguments he made in his application for postconviction relief. Dkt. # 13-5, at 1-13. The OCCA affirmed the denial of Vue's application for postconviction relief on January 27, 2023, reasoning that Vue did not demonstrate a sufficient reason for failing to adequately raise his claims in prior postconviction proceedings and stating that Vue has exhausted his state remedies as to all issues raised in his petition-in-error and any prior appeals. See Order (Jan. 27, 2023), Vue v. State, No. PC-2022-568, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-568&cmid=133198, last visited Feb. 17, 2023.

On December 2, 2021, Vue filed a Petition for Declaratory Relief in the District Court of Cleveland County, Case No. CV-2021-4042, against Assistant District Attorney Carlson and District Attorney Greg Mashburn. See Docket Sheet, Vue v. Carlson, No. CV-2021-4042, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CV-2021-4042&cmid=2393345, last visited Feb. 24, 2023. In that petition, Vue challenged the constitutionality of OKLA. STAT. tit. 19, § 215.39, on its face and as applied to him, alleging that

the district attorney racially discriminated against Vue by failing to provide a narrative report in 1998 and by providing an inaccurate narrative report in 2021.  See Petition (Dec. 2, 2021), Vue v. Carlson, No. CV-2021-4042, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CV-2021-4042&cmid=2393345, last visited Feb. 24, 2023.  In an order filed February 8, 2022, the state district court granted the motion to dismiss filed by Carlson and Mashburn, finding that Vue's "claims do not rise to the level of a justiciable controversy."  Dkt. # 13-14, at 1.  There is no indication on the docket sheet that Vue appealed the state district court's dismissal of his petition.  See Docket Sheet, Vue v. Carlson, No. CV-2021-4042, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CV-2021-4042&cmid=2393345, last visited Feb. 24, 2023.

Vue filed the instant petition for writ of habeas corpus on March 21, 2022 (Dkt. # 1), Dowling filed a motion to dismiss and brief in support on June 30, 2022 (Dkt. # 13), and Vue filed a response on opposition to the motion to dismiss on July 21, 2022 (Dkt. # 14).  Vue subsequently filed two motions for discovery (Dkt. ## 15, 16).[5]

## II.  Discussion

Vue seeks federal habeas relief under 28 U.S.C. § 2241, alleging that the ODOC is not properly executing his sentence.  Dkt. # 1, at 2; Dkt. # 14, at 1-2.  In this circuit, a state prisoner may "attack[] the execution of a sentence," but not the validity of his or her conviction and sentence, through a § 2241 petition.  Leatherwood v. Allbaugh, 861 F.3d 1034, 1041-42 & n.6 (10th Cir. 2017).  A state prisoner's attack on the execution of his or her sentence "challenges 'the fact or duration of a prisoner's confinement and seeks the remedy of immediate release or a

---

[5] In the first discovery motion, which was submitted as part of Vue's response to the dismissal motion, Vue requests an evidentiary hearing.  Dkt. # 14, at 19.  In the second motion, Vue requests various records from the ODOC.  Dkt. # 16, at 2.

shortened period of confinement.'" Id. at 1041 (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997)). A federal court may grant habeas relief under § 2241 only if the prisoner shows that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

### A. Allegations in the petition

In support of his claim that the ODOC is executing his sentence in an unconstitutional manner, Vue identifies one ground for relief:

> Oklahoma Department of Corrections prison at Dick Conners Correctional Center is subjecting Petitioner VUE to cruel and unusual punishment because EVERYONE in DOC custody, except Petitioner from 1998 to 2021, has to have a DA Narrative Report pursuant to OKLA. STAT. tit. 19, § 215.39 used in the execution of all similarly situated prisoners sentences. This ongoing mistreatment was furthered when the Cleveland County District Attorney, Ms. SuAnne Carlson submitted the required law on May 21, 2021 with inaccurate and inapposite information rather than provide the 1998 Report.

Dkt. # 1, at 3-4. In support of his request for habeas relief, Vue describes the series of requests he submitted to DCCC officials, between March and August 2021, the two grievances he filed with Dowling, and the grievance appeal he filed with the ARA. Id. at 4-5. Vue then states:

> Under Equal Protection of Law principles, Petitioner VUE was not treated the same as others in application of the Oklahoma Statute law entitled in Title 19, Section 215.39 (Exhibit 4) because that specific law need not apply to him, a nonwhite noncitizen, in 1998 after he was sentenced and remanded into Oklahoma Department of Corrections custody.
>
> Because this "mandatory" law did not apply to Petitioner VUE until 2021, he was subject to purely arbitrary and discriminatory treatment both "cruel and unusual"—cruel in a sense that ODOC is only presented with the "facts" of the "Information" and Petitioner is deemed NOT able to be rehabilitated *and* unusual because this law was not applied based on Petitioner's status as [a] nonwhite noncitizen. It is common practice for the District Attorney to apply the law to its White people and most certainly the citizens of Oklahoma. See generally 22 O.S. § 1514. On its face, the Offense of "Murder in the Second Degree" and "Jury Trial" is false. Exhibit 5, at 1.
>
> Nonetheless, the "facts" (Exhibit 5, at 2) and "information" (Exhibit 5, at 1) can be countered by records in the Court file, specifically Petitioner's 120-Day

10

>Judicial Review proceedings (Exhibit 15) where the District Court considered the "facts" presented in the statutory law of 22 O.S. § 982a proceedings and granted Petitioner relief.
>
>That is, the ODOC, in contrary to statute law, allowed the State to directly provide them inaccurate and out-of-date information without questioning its police power. This record provided by the prosecuting agency is prejudicial for it—indirectly—commands the ODOC to hold Petitioner until he dies. The Report, inapposite to the "plain language" of OKLA. STAT. tit. 19, § 215.39 states "Defendant also still has not made a showing that he has a defense to present to a jury for the heinous crimes committed. The state does not recommend an early release from his LIFE or TWENTY (20) Year sentences." Exhibit 5, at 2. However—as persuasive value—Petitioner counters with the only thing available in Petitioner's defense in the pleading submitted under "Judicial Review." Exhibit 15.
>
>[The Court omits this section of the petition where Vue quotes a passage from the motion for judicial review filed by his attorney in 1998 describing the facts of his case and resulting in the trial court's modification of Vue's sentence.]
>
>While the "facts" of Petitioner's case is not in dispute in this instant pleading, the facts presented by Petitioner is a part of the TRUE record. Whereas, the Narrative Report in ODOC's actual possession belies all the other records from 1998 until the May 21, 2021.
>
>Of course, the ODOC records cannot be deliberately indifferent to the *prima facie* mistake, whether intentional or not. As the custodians of Petitioner for—apparently from the May 21, 2021 Report—the rest of his LIFE, the Oklahoma Department of Corrections has the empirical duty to have accurate records.

Dkt. # 1, at 5-7.

In the portion of the petition that asks Vue whether he has presented his stated ground(s) for relief in all appeals that were available to him, Vue references the petition for declaratory relief that he filed against Carlson and Mashburn and his effort to seek postconviction relief as to the issues related to the 2021 narrative report. Dkt. # 1, at 7. In the same paragraph as these references, Vue states, "The distinguishing aspect of Petitioner's Eighth Amendment violation is premised upon the 'language of the statute law,' and the process derived from it. Of course, it is asserted that this law is wholly applicable to EVERYONE similarly situated to Petitioner except for Petitioner, who is nonwhite and a noncitizen." Id. at 7-8.

11

In his request for relief, Vue states that he wants this Court to "[f]ind that the ODOC has been deliberately indifferent to the law and IS treating Petitioner, a nonwhite noncitizen, like a slave without an 'accurate record' mandated by Oklahoma Statute law." Dkt. # 1, at 8. Vue further states that

> [t]his is cruel and unusual treatment for the fact simpliciter that EVERYONE else similarly situated has the law applied to them because the word "SHALL" is mandatory except, of course, in Petitioner's case. As relief, Petitioner humbly request[s] that the ODOC's boilerplate grievance policy be found deficient and for ODOC to audit Petitioner's prison file to reflect District Attorney Narrative Report is correct and in substantial compliance with the language of OKLA. STAT. tit. 19, § 215.39.

Dkt # 1, at 8.

### B. Analysis

Applying the rule of liberal construction, the Court construes the petition as asserting two distinct constitutional claims. First, Vue claims that the Cleveland County District Attorney's allegedly discriminatory failure to comply with a state-law requirement to provide a narrative report to the ODOC in 1998 caused the ODOC to maintain inaccurate prison records, in violation of Vue's Eight Amendment right to be free from cruel and unusual punishment. Second, Vue claims that the Cleveland County District Attorney's allegedly discriminatory failure to comply with a state-law requirement to provide a narrative report to the ODOC in 1998 caused the ODOC to treat Vue differently than similarly situated prisoners, in violation of Vue's Fourteenth Amendment right to equal protection of the law.[6]

---

[6] In his petition, Vue appears to also challenge the adequacy of the ODOC's grievance process. Dkt. # 1, at 2, 8. Vue clarifies in his response to the dismissal motion, however, that his reference to the ARA's "boilerplate" response was intended to show that Vue exhausted available administrative remedies. Dkt. # 14, at 13. In any event, even if Vue intends to assert a challenge to the ODOC's grievance process, he fails to state a claim that implicates the Constitution. See Burnett v. Allbaugh, 715 F. App'x 848, 852 (10th Cir. 2017) (noting that "[t]here is no independent constitutional right to state administrative grievance procedures").

Dowling urges the Court to dismiss the petition for five reasons. Dowling contends (1) that Vue did not exhaust available state court remedies as to any claims he raises in the petition, (2) that Vue does not identify any claims on which this Court could grant relief under § 2241, (3) that even if Vue's claims are properly raised in a § 2241 petition, he does not plausibly allege violations of his rights under the Eighth or Fourteenth Amendments, (4) that Vue is not entitled to injunctive relief, and (5) that Dowling is immune from suit under the Eleventh Amendment and the doctrine of qualified immunity. Dkt. # 13, at 5-15.

### 1. Failure to exhaust available state remedies

Dowling contends that the petition should be dismissed as procedurally barred because Vue did not exhaust available state court remedies. Dkt. # 13, at 5-6. The Court disagrees. Before a state prisoner seeks federal habeas relief under § 2241, the prisoner must exhaust available state remedies. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion of state remedies includes both administrative and state court remedies." Hamm v. Saffle, 300 F.3d 1213, 1216 (10th Cir. 2002). The exhaustion of state court remedies "is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." Dever v. Kan. State Penitentiary, 36 F.3d 1531, 1534 (10th Cir. 1994).

Dowling concedes, and the Court finds, that Vue's application for postconviction relief, filed October 18, 2021, "raises highly similar claims as in the instant habeas petition." Dkt. # 13, at 4-6; see Application (Oct. 18, 2021), State v. Vue, No. CF-1997-628, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=cleveland&number=CF-1997-628&cmid=15101, last visited Feb. 24, 2023. When Dowling filed the dismissal motion, Vue's appeal from the denial of this application for postconviction relief was pending in the OCCA. Dkt. # 13, at 4-6. But, as previously discussed, the OCCA recently affirmed the denial of Vue's application

for postconviction relief. See Order (Jan. 27, 2023), Vue v. State, No. PC-2022-568, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2022-568&cmid=133198, last visited Feb. 17, 2023. And, in that decision, the OCCA stated that Vue exhausted his state remedies as to all issues raised in his petition-in-error and any prior appeals. Id. The Court therefore rejects Dowling's argument that the petition should be dismissed for failure to exhaust available state court remedies.

### 2.    Failure to state cognizable claims for relief under § 2241

Dowling contends that even if Vue satisfied the exhaustion requirement, dismissal is appropriate because Vue does not state any cognizable claims for relief under § 2241. Dkt. # 13, at 6-8. The Court agrees. To state a cognizable claim for relief under § 2241, Vue must allege facts demonstrating that the ODOC is executing his life sentence in a manner that violates the United States Constitution. 28 U.S.C. § 2241(c)(3). Vue cannot state a cognizable claim for relief under § 2241, if Vue alleges facts showing only that the ODOC misapplied or violated state laws or policies. See Ali v. Franklin, 554 F. App'x 702, 704 (10th Cir. 2014) (reasoning that "to the extent that [the petitioner] argues prison officials violated Oklahoma prison policy when they demoted him, we note that a § 2241 habeas petition is not the proper mechanism for such a claim"); Montez, 208 F.3d at 865 (10th Cir. 2000) ("[C]laims of state law violations are not cognizable in a federal habeas action.").

As discussed, Vue presently is serving a life sentence under the criminal judgment entered against him in Cleveland County District Court Case No. CF-1997-628. That judgment directs the ODOC to detain Vue for the remainder of his natural life unless he is granted parole under Oklahoma's discretionary parole system. Jackson, 708 F. App'x at 965-66 (10th Cir. 2018). As previously noted, Vue is correct that the 2021 narrative report contains inaccuracies. That report

incorrectly states that Vue was convicted of second-degree, not first-degree murder, and that his conviction resulted from a jury trial, not a no contest plea. Dkt. # 13-11, at 6-7. In addition, Vue appears to correctly allege that a narrative report was not created as to his criminal case until 2021. But Vue does not plausibly allege that the ODOC has used any information from the 2021 narrative report to make any decisions relative to the execution of Vue's life sentence. And none of Vue's allegations in the petition suggests, much less shows, that the absence of an accurate narrative report in his prison file from 1998 to 2021 has caused the ODOC to execute his life sentence in a racially discriminatory, cruel, or unusual manner.[7] Rather, the crux of Vue's complaint is that the Cleveland County District Attorney violated state law by failing to provide the ODOC a narrative report in 1998, and that the ODOC violated state law or ODOC's internal policies regarding the accurate record-keeping by failing to recognize that it did not receive a narrative report in 1998. Dkt. ## 1, 14. Vue's attempt to reframe these alleged state-law and policy violations as implicating his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to equal protection of the law is unavailing.

Moreover, even assuming Vue's allegations could be generously construed as asserting plausible constitutional claims, Vue does not seek a habeas remedy—i.e., he does not seek his immediate release, or a shortened period of confinement based on the alleged constitutional violations. Instead, Vue seeks injunctive relief—specifically, a court order directing the "ODOC

---

[7] To the extent any of Vue's allegations reasonably could be construed as asserting that the ODOC has used information from the 2021 narrative report to make administrative decisions regarding his classification or placement within the DCCC, § 2241 does not provide the correct procedural vehicle to assert claims challenging those decisions. See Gee v. Murphy, 325 F. App'x 666, 670-71 (10th Cir. 2009) (noting that a state prisoner seeking to challenge "administrative decisions affecting his day-to-day circumstances and prison privileges" must do so under 42 U.S.C. § 1983).

to audit [Vue's] prison file to reflect District Attorney Narrative Report is correct and in substantial compliance with the language of OKLA. STAT. tit. 19, § 215.39." Dkt. # 1, at 8. And, as Dowling asserts, this relief, even if it could be granted in this habeas proceeding, would have no "impact on the fact or duration of [Vue's] sentence." Dkt. # 13, at 2. At most, Vue speculates that an audit of his prison file might reveal additional inaccuracies that might influence the OPPB's next consideration of whether Vue should be granted parole from his life sentence. But an audit of his prison file, even if it reveals inaccuracies, "wouldn't necessarily quicken [Vue's] release." Barela v. Martin, 830 F. App'x 252, 256 (10th Cir. 2020). As previously stated, Oklahoma's parole system is entirely discretionary. Jackson, 708 F. App'x at 966. The OPPB makes recommendations regarding parole and the Governor has discretion to accept or reject the OPPB's recommendations. Burnett v. Fallin, 754 F. App'x 696, 703-05 (10th Cir. 2018). Like the habeas petitioner in Barela, who sought expungement of his disciplinary convictions in the hope that expungement "could conceivably boost his chances for a discretionary remedy like commutation or parole," Vue essentially seeks an audit of his prison file in the hope that it will reveal inaccuracies that could conceivably boost his chances for the discretionary remedy of parole. Barela, 830 F. App'x at 256. Vue's request for audit of his prison file therefore is not "an available remedy in this habeas action." Barela, 830 F. App'x at 256.

Because Vue fails to state any cognizable claims for relief under § 2241, the Court agrees with Dowling that the petition shall be dismissed. Further, because Vue does not state any cognizable habeas claims, the Court finds that reasonable jurists would not debate that it is appropriate to dismiss the petition and thus declines to issue a certificate of appealability. 28 U.S.C. § 2253(c); Slack v. McDaniel, 529 U.S. 473, 484 (2000). Finally, based on the dismissal of the petition, the Court dismisses as moot Vue's pending motions for discovery.

16

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Dowling's motion to dismiss (Dkt. # 13) is **granted**;

2. the petition for writ of habeas corpus (Dkt. # 1) is **dismissed without prejudice** for failure to state any cognizable habeas claims under 28 U.S.C. § 2241;

3. Vue's motions for discovery (Dkt. ## 15, 16) are **dismissed as moot**;

4. a certificate of appealability is **denied**; and

5. a separate judgment shall be entered in this matter.

**DATED** this 28th day of February, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE